UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NADJA THOMPSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-14672-WBV-DPC** |
| **ROUSE'S ENTERPRISES, LLC, ET AL.** | **SECTION: D (2)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand.[1] The Motion is opposed.[2] After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves a slip-and-fall accident that allegedly occurred in a grocery store parking lot. On or about November 6, 2019, Nadja Thompson filed a Petition For Damages against Rouse's Enterprises, LLC d/b/a Rouse's Supermarket, Rouse Land Company, LLC, and ABC Insurance Company, in the Civil District Court for the Parish of Orleans, Louisiana.[3] Plaintiff alleges she sustained injuries from a slip-and-fall accident that occurred on March 4, 2019 in the Rouse's Enterprises, LLC d/b/a Rouse's Supermarket's and/or Rouse Land Company, LLC's (collectively "Defendants'") parking lot located at 400 N. Carrolton Ave. in New Orleans,

---

[1] R. Doc. 16.
[2] R. Doc. 18.
[3] R. Doc. 1-1. Plaintiff alleges that ABC Insurance Company provided liability insurance to Rouse's Enterprises, LLC d/b/a Rouse's Supermarket and Rouse Land Company, LLC at all times material to this case. *Id.* at ¶ 9

Louisiana.[4] Plaintiff alleges that while walking from her car, which was parked in a handicapped spot, she tripped and fell over a parking bumper that was "placed in her way of ingress and egress by Rouse's Enterprises, LLC d/b/a Rouse's Supermarket and/or Rouse Land Company LLC."[5] In her Petition, Plaintiff asserts that Defendants violated the Americans with Disabilities Act ("ADA") "for its [sic] failure to keep clear the handicap walkways to and from the supermarket."[6] Plaintiff also asserts that Defendants' negligence was the sole and proximate cause of her accident.[7]

On December 18, 2019, Defendants removed the case to this Court based on federal question jurisdiction, 28 U.S.C. § 1331.[8] On January 31, 2020, Plaintiff filed a Motion to Remand, asserting that removal was improper because her claim is based entirely on state law.[9] Plaintiff argues that her claim falls under Louisiana's Merchant Liability Statute, La. R.S. 9:2800.6, and not the ADA.[10] Thus, Plaintiff argues this matter must be remanded because the Court lacks federal question jurisdiction.[11]

Defendants oppose the Motion to Remand, arguing that Plaintiff's Petition presents a federal question on its face based upon Plaintiff's specific reference to the ADA.[12] Although the Plaintiff seemingly alleges that Defendants failed to meet the

---

[4] R. Doc. 1-1 at ¶ 3.
[5] *Id.*
[6] *Id.* at ¶ 4.
[7] *Id.* at ¶ 8.
[8] R. Doc. 1. Plaintiff does not dispute the timeliness of removal.
[9] R. Doc. 16-1 at p. 3.
[10] *Id.* at pp. 2-3.
[11] *Id.*
[12] R. Doc. 18 at p. 2.

2

requirements of the Louisiana Merchant Liability Statute, Defendants point out that the only explicit reference to a legal statute in the Petition is Plaintiff's reference to the ADA.[13] Defendants further assert that, because federal question jurisdiction exists, this Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law premises liability claim.[14]

## II.  LEGAL STANDARD

### A. Removal

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[15] Federal district courts shall have original jurisdiction of all civil actions which arise under the Constitution, laws, or treaties of the United States.[16] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the state court petition.[17] The Fifth Circuit has instructed that the removal statute, 28 U.S.C. § 1441, must be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[18] "Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction."[19] The removing party has the burden of establishing federal

---

[13] *Id.* at p. 2.
[14] *Id.* at p. 3.
[15] 28 U.S.C. § 1441(a). Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).
[16] 28 U.S.C. § 1331.
[17] *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[18] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[19] *Mehrtens v. America's Thrift Stores, Inc.*, Civ. A. No. 1:10CV534-HSO-JMR, 2011 WL 2111085, at *1 (S.D. Miss. May 26, 2011).

jurisdiction.[20] Remand is proper if, at any time, the Court lacks subject matter jurisdiction.[21]

### B. Federal Question Jurisdiction

For federal question jurisdiction to exist, there must be a "basic dispute as to the interpretation or construction of the Constitution or laws of the United States of such serious import that jurisdiction will be supported if the laws of [sic] constitutional provision be given one interpretation and defeated if given another."[22] To determine the presence of federal question jurisdiction, the Court applies the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[23] This rule makes the plaintiff "the master of the claim," and the plaintiff may avoid federal jurisdiction by relying exclusively on state law for his or her claims.[24]

### III. ANALYSIS

Plaintiff insists that this action should be remanded because her Petition asserts only state law claims.[25] She argues the claims fall within the Louisiana Merchant Liability Statute, which states in part, "A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and

---

[20] *Dandridge v. Tyson Foods, Inc.*, 823 F. Supp. 2d 447, 450 (S.D. Miss. 2011).
[21] 28 U.S.C. § 1447(c).
[22] *Screven County v. Brier Creek Hunting and Fishing Club, Inc.*, 202 F.2d 369, 370 (5th Cir. 1953).
[23] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (citation omitted).
[24] *Caterpillar Inc.*, 482 U.S. at 392, 107 S. Ct. at 2429.
[25] R. Doc. 16 at pp. 2-3.

floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage."[26]

Defendants argue that although Plaintiff seems to allege that Defendants failed to meet the requirements of the Louisiana Merchant Liability Statute, the Petition only alleges a violation of the ADA,[27] which is enough to provide this Court with federal question jurisdiction under the "well-pleaded complaint rule."[28] Defendants cite *Eggert v. Britton*, in which the Fifth Circuit explained, "The presence or absence of federal-question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[29] Defendants also assert that this Court may exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because Plaintiff's claims under the Louisiana Merchant Liability Statute arise from the same case or controversy as Plaintiff's ADA claim.[30] Defendants claim that, "Plaintiffs [sic] only contention is that the parking bumper was in an improper place, such that it created an unsafe condition on the premises and that it violated the ADA."[31]

The Court agrees with Defendants. As "the master of her claim," Plaintiff chose to allege a violation of the ADA in her Petition, in fact, asserting the ADA violation in the first paragraph following her recitation of the facts of her alleged

---

[26] La. R.S. 9:2800.6(A).
[27] R. Doc. 18 at p. 2.
[28] *See Caterpillar Inc.*, 482 U.S. at 392, 107 S. Ct. at 2429 (citation omitted).
[29] R. Doc. 18 at p. 2 (citing *Eggert v. Britton*, 223 Fed.Appx. 394, 397 (5th Cir. 2007)).
[30] R. Doc. 18 at p. 3.
[31] *Id.*

accident.[32] Plaintiff's claim makes clear that she was not relying exclusively on state law to assert her claim. Instead, Plaintiff's Petition clearly asserts that Defendants violated the ADA by failing to keep the parking lot's handicap walkway clear.[33] The ADA is a federal program that, among other things, prohibits the discrimination of an individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."[34] Such "public accommodations" include grocery stores.[35]

Whether Plaintiff has a valid ADA claim against Defendants is ultimately a question for the jury. On its face, however, Plaintiff's Petition raises a federal question by clearly asserting a claim within the parameters of the ADA. Because federal law creates Plaintiff's cause of action under the ADA, Defendants have met their burden of proving this Court has federal question jurisdiction in this case.[36] Additionally, because this Court has federal question jurisdiction over Plaintiff's ADA claim, it can, and chooses to, exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state law claims asserted in the Petition because they arise out of the same case or controversy as the ADA claim. Accordingly, Plaintiff's Motion to Remand must be denied.

---

[32] *Caterpillar Inc.*, 482 U.S. at 392, 107 S. Ct. at 2429.
[33] R. Doc. 1-1 at ¶ 4.
[34] 42 U.S.C. § 12182(a).
[35] 42 U.S.C. § 12181(7)(E).
[36] *See Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (citations omitted).

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[37] is **DENIED**.

New Orleans, Louisiana, September 22, 2020.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[37] R. Doc. 16.